IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLTON GARY,

    Plaintiff,

v.                                CASE NO. 5:13-cv-415-RS-GRJ

JACKSON MEDICAL, et al.,

    Defendants.

_____/

## ORDER and REPORT and RECOMMENDATION

Plaintiff, an inmate in the Florida Department of Corrections presently confined at Jackson Correctional Institution (CI"), initiated this case by filing a complaint pursuant to 42 U.S.C § 1983. Doc. 1. Because Plaintiff's complaint was not on the proper form, and was disjointed and confusing, the Court directed him to amend. Doc. 3. After Plaintiff submitted an amended complaint on the proper form, Doc. 9, the Court conducted an initial screening pursuant to 28 U.S.C § 1915A. On February 27, 2014, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for abuse of the judicial process because Plaintiff failed to truthfully disclose all of his prior federal cases, as required on the complaint form. Doc. 10. As of the date of this Report and Recommendation, Plaintiff has failed to respond to the order to show cause. Rather, without obtaining leave of Court Plaintiff filed a Second Amended Complaint, Doc. 11. Because Plaintiff did not obtain leave of Court to file the Second Amended Complaint, as required by Fed. R. Civ. P. 15(a)(2), the Second Amended Complaint was an unauthorized pleading and did not replace the First Amended Complaint. The Second Amended Complaint, Doc. 11, is, therefore, due to be stricken.

Despite the Court's directive in the Show Cause Order for Plaintiff to explain why he failed to disclose that he had filed prior cases, the Plaintiff has failed to provide any explanation. The only response to the Show Cause Order is Plaintiff's Motion to Appoint Counsel. Doc. 12. The motion is silent as to why Plaintiff did not disclose that he had filed six other cases on the same day and had previously filed other cases.

These cases include the following. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits. *Id*. at 3. Section IV. B. requires prisoners to disclose whether they have "initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" Plaintiff checked "yes" and listed this case, *Gary v. Jackson Medical*, 5:13-cv-415-RS-GRJ, and noted that the case was "stil[l] active." *Id.* A review of the Court's PACER Case Locator reflects that Plaintiff filed *six* cases in the Northern District of Florida on the same day that he filed the instant case, and all six cases involve the same or similar facts at issue in this case, regarding allegedly tainted meat that was served at Polk CI, and the subsequent denial of medical care to Plaintiff at Jackson CI. Those cases (not including the instant case) are: *Gary v. Cisco*, Case No. 5:13-cv-412-RS-CJK; *Gary v. United States Dept. Of Agriculture*, Case No. 5:13-cv-413-MP-EMT; *Gary v. Polk Medical Institution*, Case No. 5:13-cv-414-WS-CJK; *Gary v. M & S Foods*, Case No. 5:13-cv-416-WS-CJK; *Gary v. Airmar*, Case No. 5:13-cv-417-RS-EMT.

In addition to these cases, Plaintiff previously filed another case on the same facts, which was dismissed for failure to prosecute and failure to comply with a court order. *Gary v. Airmar*, Case No. 4:13-cv-176-RH-CAS (Nov. 3, 2013). Further, Plaintiff

has previously initiated a federal lawsuit on the same facts at issue in this case in the Middle District of Florida. *Gary v. Airmar*, 8:13-cv-520-T-27/AEP (Mar. 4, 2013). Plaintiff also attempted to initiate another case in the Middle District, but it was dismissed because he failed to file a complaint. *In Re Carlton Gary*, Case No. 8:12-mc-150-JDW-AEP (Jan. 28, 2013). Plaintiff did not disclose any of these cases.

Section IV. C. requires prisoners to disclose whether they have initiated actions in federal or state court "that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" Plaintiff checked "no." *Id*. at 4. A review of the Court's PACER Case Locator shows that Plaintiff petitioned for a writ of habeas corpus. *Gary v. Secretary, Florida Dept. Of Corrections*, Case No. 8:10-cv-1535-RAL-EAJ (July 14, 2010).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).$^{1}$ In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his

---

$^{1}$Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants"); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The

court will not tolerate false responses or statements in any pleading or motion filed before it.")

Accordingly, it is **ORDERED**:

Plaintiff's Second Amended Complaint, Doc. 11, is **STRICKEN**.

Furthermore, it is respectfully **RECOMMENDED**:

This case should be **DISMISSED** for abuse of the judicial process, and all pending motions terminated.  Such dismissal should be without prejudice to Plaintiff's right to refile his claims, but will operate as a "strike" pursuant to 28 U.S.C § 1915(g).

**IN CHAMBERS**, at Gainesville, Florida, this 31st day of March 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**